UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL WEAVER,

        Petitioner,

v.

SHIRLEE HARRY,

        Respondent.

_____/

Case No. 1:17-cv-963

Honorable Janet T. Neff

## **OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I. Factual allegations

Petitioner Daniel Weaver is incarcerated with the Michigan Department of Corrections at the West Shoreline Correctional Facility (MTF) in Muskegon Heights, Michigan. Petitioner is serving sentences imposed in two separate cases from the Newaygo County Circuit Court. In Case No. 15-010994 (herein the drunk driving case), Petitioner entered a plea of guilty to a charge of OWI-3rd Offense on July 29, 2015. On August 26, 2015, in Case No. 15-011046 (herein the fleeing and eluding case), a jury found Petitioner guilty of operating a motor vehicle without a valid license, MICH. COMP. LAWS § 257.904(3)(b), third-degree fleeing and eluding, MICH. COMP. LAWS § 257.602a(3), and resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1).

On October 13, 2015, the court sentenced Petitioner in the drunk driving case. It is not clear what sentence was imposed; however, the documents submitted by Petitioner suggest that the sentence included a two year minimum. On the same date, in the fleeing and eluding case, the court sentenced Petitioner, as a habitual offender-fourth offense, to 46 months to 40 years for fleeing and eluding, 46 months to 15 years for resisting and obstructing, and one year for driving without a license. Because Petitioner had committed the fleeing and eluding offenses while he was out on bond for the drunk driving, the court ordered the fleeing and eluding sentences to be served consecutively to the drunk driving sentence.

According to Petitioner, because of a structural error, he was permitted to withdraw his plea in the drunk driving case. On August 22, 2016, Petitioner proceeded to a bench trial on

the drunk driving charge. The judge found Petitioner guilty and, on October 11, 2016, sentenced Petitioner to 6 to 18 years' imprisonment.

Petitioner directly appealed his convictions and sentences. In the fleeing and eluding case, he raised several issues, some in the brief filed with the assistance of appointed counsel and others in a Standard 4 brief, including the following:

I. Petitioner's 5th and 14th Amendment rights were violated by the trial court when Judge Monton arbitrarily "canceled" one bond, and revoked another, already posted bond without a hearing. His actions were contrary to Section 17 of the Michigan Constitution, Michigan Law, and court rules. Judge Monton thereafter kept petitioner imprisoned unlawfully, denying me my rights to due process of law, my liberty pending trial, and caused irreparable harm, thereby forever denying me any chance of a fair trial.

II. Petitioner's 6th Amendment right to the assistance of counsel was violated when his appointed attorney, Melissa Dykman, colluded with other court officials, conspired to inflict physical and mental duress in order to force or coerce a plea deal. Petitioner's 14th Amendment right to fair due process was violated by Ms. Dykman when she intentionally sabotaged court proceedings to deny petitioner a fair hearing.

III. Petitioner was denied his 14th Amendment right to fair due process of law before a detached and impartial arbiter. Judge Monton was biased toward petitioner from the beginning and made prejudiced decisions throughout the proceedings. He knowingly and maliciously abused his discretion repeatedly to deny me my legal and constitutional rights to fair due process of law, and thereby caused irreparable harm to Petitioner.

IV. Judge Monton constructively denied me my 6th Amendment right to counsel and abused his discretion by never giving me a meaningful hearing to ascertain my complaints before denying me substitution of counsel, thereby forcing me to represent myself without a valid and voluntary waiver of my right to counsel.
.
V. Petitioner was denied his 5th Amendment right when the State committed prosecutorial misconduct by impermissibly shifting the burden of proof to him to prove his innocence by using his silence and invocation of his Miranda rights against him-to imply to the jury that the Petitioner had no alibi and had made one up.

3

> VI. Petitioner's 14th Amendment rights were violated when Judge Monton abused his judicial discretion and proved himself to be vindictive by punishing me for exercising my constitutional right to trial.

(Pet., ECF No.1, PageID.2-3; Pet'r's Br., ECF No. 2, PageID.9-10.) The Michigan Court of Appeals affirmed Petitioner's convictions and sentences by opinion issued February 21, 2017. Petitioner then raised the same issues in the Michigan Supreme Court by way of an application for leave to appeal. That court denied leave by order entered September 12, 2017.

In the drunk driving case, Petitioner's appeal as of right is still pending in the Michigan Court of Appeals.

Petitioner is adamant that the same issues regarding the improper conduct of Ms. Dykman, the prosecutor, and Judge Monton are present in both cases. Petitioner describes the two cases as "inseparably bound together" and "intentionally intertwined." (Pet'r's Br., ECF No. 2, PageID.7, 29.) He has challenged the constitutionality of both judgments in this single petition.[1]

---

[1] Rule 2(e), RULES GOVERNING § 2254 CASES, provides, "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Courts applying the rule have concluded that, by implication, a petitioner may seek relief from more than one judgment in one petition if the judgments were rendered by the same court. *See Hardemon v. Quarterman*, 516 F.3d 272, 276 (5th Cir. 2008) ("We hold that under former Rule 2(d), [petitioner] was permitted, but not required, to challenge his separate convictions in a single § 2254 petition."); *Henderson v. Bunting*, No. 1:14CV2557, 2015 WL 196058, at *1 (N.D. Ohio Jan. 14, 2015) ("[I]t would appear that [petitioner] is not barred from presenting challenges to two separate state convictions in a single petition for habeas corpus.") (citing to *Hardemon*); *Johnson v. Norris*, No. 5:08CV00279 JMM, 2009 WL 88915, at *3 (E.D. Ark. Jan. 12, 2009) (noting that a habeas petitioner is not precluded from challenging more than one conviction in a § 2254 petition so long as the convictions arise from the same state court); *Davis v. Hofbauer*, No. 05-74048, 2007 WL 496476, at *1 n.1 (E.D. Mich. Feb. 12, 2007) ("Petitioner may properly challenge multiple convictions in one federal habeas petition where, as here, the convictions were entered by the same court."); *but see Tigg v. Colson*, No. 3:13-cv-324, 2013 WL 2285562, at *2 (M.D. Tenn. May 23, 2013) (court concluded petitioner violated Rule 2(e) where he filed one petition challenging two judgments from the same state court); *Gray v. Swarthout*, No. CIV S–10–2463 JAM EFB P, 2011 WL 3875896 (E.D. Cal. Sept.1, 2011) (concluding that the petitioner's § 2254 petition should be dismissed because it challenged separate judgments from the same county court).

II.       Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges he has exhausted his state court remedies with respect to the fleeing and eluding case. The dockets of the Michigan appellate courts bear that out. The dockets of those courts also reveal, however, that Petitioner's appeal as of right in the drunk driving case is still pending in the Michigan Court of Appeals. After that court issues a decision, Petitioner

will have another level of review available in the Michigan Supreme Court by application for leave to appeal.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this petition with respect to the drunk driving case. He may proceed with his pending appeal until the Michigan Court of Appeals and the Michigan Supreme Court have considered the issues. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269,

277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his convictions in the fleeing and eluding case to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 12, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period has not yet expired. It will expire on December 11, 2017. Petitioner's appeal of the drunk driving conviction is not final because his direct appeal is still pending.

With respect to the fleeing and eluding convictions, absent tolling, Petitioner would have one year from December 11, 2017, until December 11, 2018, in which to file his habeas petition challenging the convictions in the fleeing and eluding case. With respect to the drunk driving conviction, Petitioner's period of limitation has not yet begun to run.

The *Palmer* Court, anticipating that a motion for post-conviction relief would afford the means to exhaust state remedies, indicated that thirty days would be a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days would be a reasonable amount of time for a petitioner to return to federal court after he has

7

exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2]

Those considerations are inapplicable here. Petitioner's continued efforts to exhaust his state court remedies with respect to the drunk driving case will not toll the running of the statute as to Petitioner's exhausted claims relating to the fleeing and eluding case. The statute of limitations runs independently on each judgment. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review . . . ."); *Fears v. Warden, London Corr. Inst.*, No. 1:16-cv-805, 2017 WL 3987713, at *7 (S.D. Ohio Aug. 2, 2017) ("Courts have found that where a federal habeas petition challenges multiple judgments, the statute of limitation is to be assessed separately with respect to each case.") (collecting cases). Therefore, even assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision with respect to the drunk driving case, and he is not in danger of running afoul of the statute of limitations on that case, he may be in danger with respect to the fleeing and eluding case.

Even though Petitioner's further efforts to exhaust will not toll the running of the statute with respect to the fleeing and eluding case, there is no reason to impose a stay. Petitioner has far more than sixty days remaining in his limitations period. That will afford him ample time

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

to submit a new petition raising only issues challenging the judgment in the fleeing and eluding case, issues that are already exhausted. He may do so at any time before the expiration of the limitations period on December 11, 2018. Because Petitioner has more than sixty days to address the defects in his present petition, a stay of these proceedings is not warranted.

If Petitioner chooses to file a new petition raising only his exhausted issues in the fleeing and eluding case, he may, at the same time, pursue his state court remedies with respect to the drunk driving case. Upon exhaustion of his state court remedies, if that occurs after the statute has run on the fleeing and eluding case, Petitioner may file a separate petition with regard to the drunk driving case. With respect to any new petitions, however, Petitioner is reminded that all applications for habeas corpus relief must be submitted on the form petition provided by this Court. See Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. MICH. LCIvR 5.6(a).

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so

lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: November 21, 2017  /s/ Janet T. Neff
Janet T. Neff
United States District Judge